UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS NELSON AND BRENDA NELSON, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO.:5:19-cv-1425 |
| v. | § § § | |
| WYNDHAM VACATION RESORTS, INC., | § § § | |
| *Defendant*. | § § | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant Wyndham Vacation Resorts, Inc. ("Wyndham") hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of its removal to this Court of the action commenced in the 288th Judicial District Court of Bexar County, Texas styled *Thomas Nelson and Brenda Nelson v. Wyndham Vacation Resorts, Inc.*, Cause No. 2019CI21704 (the "Civil Action").

**I.
BACKGROUND, STATE COURT PLEADINGS, AND DOCKET SHEET**

1. On October 16, 2019, Plaintiffs Thomas Nelson and Brenda Nelson ("Plaintiffs") filed the Civil Action against Wyndham in the 288th Judicial District Court of Bexar County, Texas. Wyndham is the sole defendant in the Civil Action. The Original Petition in the Civil Action is attached as Exhibit A.

2. The Civil Action relates to the credit Plaintiffs received for their two non-Wyndham time-share condominiums at the time they purchased a property interest from Wyndham pursuant to a Vacation Ownership Purchase and Sale Agreement, which was executed by Plaintiffs on or about October 27, 2004 (the "Original Agreement"). Through its Personal

Interval Choice ("PIC") Program, Wyndham offers owners of some non-Wyndham timeshare properties the opportunity to assign those properties to Wyndham in exchange for credit in the form of points ("PIC Points"), which can then be applied to Wyndham timeshare vacations. Due to an administrative error, Plaintiffs received double the PIC Points for their ownership of non-Wyndham timeshare condominiums. Plaintiffs enjoyed the benefits and value of the PIC Points assigned in error for nearly thirteen years, at which point the administrative error was discovered and the Plaintiffs' PIC Points were reduced to properly reflect the value of their non-Wyndham timeshare condominiums.

3. In the Civil Action, Plaintiffs bring several claims relating to the reduction of their PIC Points including claims for (1) promissory estoppel; (2) breach of contract; (3) fraud; and (4) constructive trust.

4. Plaintiffs seek actual damages as allowed by Texas law for such causes of action and reasonable and necessary attorney fees.

5. On October 17, 2019, the citation was issued, attached as Exhibit B. Service of citation was executed on Wyndham on November 13, 2019. As of the date of this filing, according the docket sheet on the Bexar County District Clerk's Court website, Plaintiffs have not filed the executed return of service.

6. Contemporaneous with the filing of this Notice of Removal of Civil Action, Wyndham is filing in state court and serving on all parties a Notice of Filing Notice of Removal in the Civil Action. A true and correct copy of that Notice of Filing Notice of Removal is attached as Exhibit C.

8. Also contemporaneous with the filing of this Notice of Removal of Civil Action, Wyndham is filing in state court and serving upon all parties a Notice to Adverse Parties of

Removal to Federal Court. A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court is attached as Exhibit D.

9. Exhibits A through D hereto reflect all papers currently or contemporaneously on file with the state district clerk in the Civil Action and, therefore, reflect all process, pleadings and orders served upon Wyndham in the Civil Action. *See* 28 U.S.C. § 1446(a).

10. A true and correct copy of the current state court docket sheet in the Civil Action is attached hereto as Exhibit E.

## II.
## TIMELINESS

11. Wyndham was served with citation and a copy of the Original Petition in the Civil Action on November 13, 2019; therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of Wyndham's receipt of those documents.

## III.
## JURISDICTION

12. This Court has jurisdiction over Plaintiffs' claims and, therefore, removal of the Civil Action is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between the Plaintiffs and Wyndham, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.
## GROUNDS FOR REMOVAL

### A. *Complete Diversity of Citizenship*

13. As admitted by Plaintiffs in their Original Petition, Plaintiffs are individuals who are domiciled in Harris County, Texas. Therefore, they are citizens of Texas for purposes of diversity.

14. Defendant Wyndham is a corporation that (1) is incorporated under the laws of the state of Delaware, and (2) has its principal place of business—now and at the time the Civil Action commenced—in the State of Florida.  Therefore, Wyndham is a citizen of both Delaware and Florida for purposes of diversity.

15. Because all plaintiffs are citizens of Texas and the only defendant is a citizen of Delaware and Florida, complete diversity of citizenship exists.

### B. *Amount in Controversy*

16. Plaintiffs in their Original Petition plead that they seek monetary relief of $200,000 to $1,000,000. *See* Exhibit A at §4. In addition, Plaintiffs seek costs, attorney fees and punitive damages. *Id* at Prayer a, c, and d. Accordingly, it is facially apparent that Plaintiffs' claims, in aggregate, exceed $75,000 in controversy.  *Id.*

## V.
## VENUE

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 288th Judicial District Court of Bexar County, Texas, the forum in which the Civil Action was pending at time of removal.

## VI.
## NOTICE TO STATE COURT AND ADVERSE PARTIES

20. Pursuant to 28 U.S.C. § 1446(d), Wyndham is simultaneously filing with the state court a Notice of Filing Notice of Removal, a true and correct copy of which is attached hereto as Exhibit C, and attaching to such document this Notice of Removal.  Wyndham is also simultaneously serving Plaintiffs, through their counsel of record, a Notice to Adverse Party of Removal to Federal Court, a true and correct copy of which is attached hereto as Exhibit D, and attaching to such document this Notice of Removal.

## CONCLUSION

WHEREFORE, pursuant to and in conformance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wyndham Vacation Resorts, Inc. removes this action from the 288th Judicial District Court of Bexar County, Texas to this Court.

Dated: December 9, 2019

                    Respectfully submitted,

                    FOLEY & LARDNER LLP

                    By:  */s/ Sara Ann Brown*
                        Sara Ann Brown
                        Texas Bar No. 24075773
                        sabrown@foleyc.com
                        2021 McKinney Ave, Suite 1600
                        Dallas, Texas 75201
                        Telephone:    214-999-4887
                        Facsimile:     214-999-3887

Of Counsel:

Colleen E. McKnight
Texas Bar No. 24078976
cmcknight@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-2099
Telephone:     (713) 276-5500
Facsimile:     (713) 276-5555
(*Pro Hac Vice* pending)

                    **ATTORNEYS FOR WYNDHAM VACATION RESORTS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2019, the foregoing Notice of Removal of Civil Action was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record via the CM/ECF service and/or via electronic mail.

By: */s/ Sara Ann Brown*
Sara Ann Brown